Paul M. Kuykendall v. Commissioner.
Kuykendall v. Commissioner
Docket No. 13866.
United States Tax Court
1949 Tax Ct. Memo LEXIS 162; 8 T.C.M. (CCH) 554; T.C.M. (RIA) 49137; June 6, 1949
*162 Paul M. Kuykendall, pro se. Thomas A. Steele, Jr., Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion The respondent has determined a deficiency in income and victory taxes for the calendar year 1943 in the amount of $276.75 as the result of his disallowance of certain deductions claimed by petitioner in 1942 and 1943. Petitioner raised no objection to respondent's disallowance of claimed deductions in 1942, so that the only issue here is whether respondent erred in disallowing the deduction claimed in 1943. The year 1942 is involved because of the forgiveness feature of the Current Tax Payment Act of 1943. Findings of Fact The petitioner is an individual residing at Grand Junction, Colorado. He filed his income and victory tax returns for 1942 and 1943 with the collector of internal revenue for the district of Colorado, at Denver. In his return for 1943 petitioner claimed as a deduction from gross income the amount of $1,300 for "Repayment of Loan and other necessary expenses in seeking justice in State of N. Mex. being denied by constitutional rights". Respondent disallowed the full amount of the claimed deduction on the ground that *163 petitioner had failed to establish its deductibility, either as an ordinary or necessary expense or as a loss within the provisions of the Internal Revenue Code. Petitioner had been given an allegedly illegal trial and sentenced to a term in prison in New Mexico in 1931. After his release from prison, petitioner made unsuccessful efforts to get monetary restitution through the state legislature of New Mexico for his imprisonment and for damage to his home in the state through acts of vandalism committed during his imprisonment. In these efforts he spent approximately $1,300. Opinion LEMIRE, Judge: By disallowing the deduction of the item claimed by the petitioner in his return, the respondent has put the burden on the petitioner to prove the facts essential to the allowance of the deduction. The only evidence produced by the petitioner was his own testimony. There was no corroborating evidence whatever. The petitioner presented his case in his own behalf in a narrative form. He described the deduction claimed in a general way, as follows: "three hundred of it was on duty that I had to pay out of my salary for expenses caused during this trial, and three hundred of it was *164 for maintaining a home on account of my home was made unhabitable during this imprisonment; and the rest of it was expenses on the legislator [legislature] seeking reimbursement through losses sustained through this illegal prosecution." Petitioner further testified that the deduction was of "The expenses I was out of having been maliciously prosecuted by this State, and the expenses incurred during the legislator [legislature] asking for reimbursement of loss to my property and my home, each destroyed, and maintaining a home on account of my home being unfit to live in in New Mexico." Although we are satisfied that petitioner did expend the amounts which he claims, we have no evidence whatever to establish the taxable period in which the expenditures were made, the exact nature of them, or the theory under which petitioner claimed the amount as a deduction from taxable income. No discussion of the deductibility of the amount claimed, or any part of it, could be made here without resort to speculation as to the actual character and purpose of the expenditure. In the absence of any further material facts in the record, we must conclude that the petitioner has failed to sustain *165 his burden of proof to establish the deductibility of the amount claimed in 1943. Respondent's disallowance of the deduction is sustained. Decision will be entered for the respondent.